IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAYLOR MENDEZ,<br>    Petitioner | : | |
| | : | |
| | : | No. 1:19-cv-428 |
| v. | : | |
| | : | (Judge Rambo) |
| DAVID J. EBBERT.<br>    Respondent | : | |
| | : | |

## MEMORANDUM

### I. BACKGROUND

On March 11, 2019, the Court received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) from *pro se* Petitioner Taylor Mendez, a federal inmate currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). On March 13, 2019, the Court issued an Administrative Order, directing Mendez to either pay the $5.00 filing fee or file a properly completed application to proceed *in forma pauperis*, including a certified statement of his institutional account, within thirty (30) days. (Doc. No. 2.) Subsequently, the Court received Mendez's institutional account statement (Doc. No. 4) and a motion for leave to proceed *in forma pauperis* (Doc. No. 5).

In his § 2241 Petition, Mendez asserts that in August of 2017, while incarcerated at USP Beaumont in Beaumont, Texas, he and another inmate, Remigio Salinas, were expecting visits from their girlfriends. (Doc. No. 1 at 2.) Mendez's girlfriend drove both herself and Salinas's girlfriend to the visit. (*Id.*) However,

during the visit, Salinas's girlfriend was found to have attempted to bring narcotics into the institution. (*Id.*) Mendez asserts that because of this, his girlfriend was subjected to a strip search as well as a search of her vehicle. (*Id.*) She was not found to be in possession of any narcotics. (*Id.*)

Subsequently, Mendez was placed in the Special Housing Unit ("SHU") at USP Beaumont and was later transferred to USP Canaan in Waymart, Pennsylvania. (*Id.*) He asserts that he and his girlfriend were permitted visitation before his transfer. (*Id.*) However, after being transferred to USP Canaan, Mendez learned that his girlfriend had not been approved for visitation based upon the incident that had occurred at USP Beaumont. (*Id.*) Mendez was later transferred to the Special Management Unit ("SMU") at USP Lewisburg and asserts that he is still denied visits with his girlfriend because of that incident. (*Id.* at 3.) He suggests that his constitutional rights under the First and Fifth Amendments have been violated because of the denial of visitation. (*Id.* at 4-6.) Mendez seeks injunctive relief in the form of an Order directing the Bureau of Prisons ("BOP") to allow him visitation with his girlfriend. (*Id.* at 11.)

For the following reasons, the Court will grant Mendez leave to proceed *in forma pauperis* but will dismiss Mendez's § 2241 Petition without prejudice.

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Summary dismissal of Mendez's § 2241 Petition is appropriate because it constitutes an improper use of the writ of habeas corpus. The Supreme Court has noted that "habeas corpus is not an appropriate or available federal remedy" if the prisoner "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973). As the United States Court of Appeals has explained:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 [or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] is unavailable: whenever the challenge ultimately attacks the "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of

3

confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or *Bivens*] is inappropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Here, Mendez seeks to use § 2241 for an improper purpose. As noted above, he seeks injunctive relief in the form of an Order directing the BOP to allow him visitation with his girlfriend. As such, Mendez's petition does not challenge the duration and lawfulness of his confinement, which is the proper use of a § 2241 petition. *See Preiser*, 411 U.S. at 494; *Leamer*, 288 F.3d at 540. If Mendez seeks to pursue his constitutional claims regarding the denial of visitation, he must do so by filing a separate civil action pursuant to *Bivens*.

## III. CONCLUSION

Based on the foregoing, the Court will grant Mendez leave to proceed *in forma pauperis* but will dismiss his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) without prejudice to Mendez's right, should he choose to do so, to file a civil rights action, pursuant to *Bivens*, asserting his constitutional claims regarding the denial of visitation. An appropriate Order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: April 4, 2019